IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DOUGLAS A. ECKLEY | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Civil Action No. _____ |
| | : | |
| KAISER PERMANENTE | : | |
|   INSURANCE COMPANY | : | |
| 300 Lakeside Drive, 13th Floor | : | |
| Oakland, CA 94612 | : | |
| | : | |
| Defendant | : | |

**NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **PLEASE TAKE NOTICE** that Kaiser Permanente Insurance Company (hereinafter referred to as "Defendant"), the Defendant in the above entitled and numbered cause, pursuant to 28 U.S.C. §§ 1441(b), 1446(b), and 1331, and 29 U.S.C. § 1132, hereby removes to this Court the state court action described below.

**I.    INTRODUCTION**

    1.    On December 21, 2006, Plaintiff filed a complaint against Defendant styled *Douglas A. Eckley v. Kaiser Permanente Insurance Company*, Civil Action No. 0009023-06. Defendant was served with the summons and a copy of the complaint on or about December 26, 2006. Copies of all process, pleadings, and orders that have been served upon Defendant in this action are attached hereto as Exhibit "A." 28 U.S.C. § 1446(a).

    2.    This Notice of Removal is filed within thirty (30) days of service of the summons and the complaint and is therefore timely filed under 28 U.S.C. § 1446(b). This action is removed pursuant to

28 U.S.C. § 1441(b) as an action over which this Court has original jurisdiction under 28 U.S.C. §1331.

## II. FACTUAL BACKGROUND

3. Plaintiff is a member in a group health plan that is sponsored by his employer, the Hungarian Reformed Federation of America, and administered by Defendant pursuant to a group health services agreement.

4. In his Complaint, Plaintiff alleges that Defendant wrongfully denied him medical benefits in violation of the terms of his group health plan. *Plaintiff's Complaint*, at 1. Specifically, Plaintiff alleges that he received medical services pursuant to the "out-of-network" provision of his group health plan and incurred $124,225.00 in medical expenses. *Id*. Plaintiff alleges that Defendant "made partial payments on the medical services bill…totaling $27,457.51," in violation of the terms of his group health plan. *Id.* As a result, Plaintiff is seeking $57,172.50 in damages from Defendant, which purportedly "represents a recalculation of the payments owed by Kaiser Permanente Insurance Company under the provisions of the group health insurance." *Id.* at 2.

As discussed below, Plaintiff's claims against Defendant are completely preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, *et. seq*. and are therefore subject to federal question jurisdiction.

## III. ERISA

5. ERISA provides for federal jurisdiction where one or all of a plaintiff's claims against one or all Defendants fall within the scope of 29 U.S.C. § 1132, the civil enforcement provision of ERISA. Congress intended for such claims to be completely preempted by federal law and tried in the federal courts, and the United States Supreme Court has consistently held that ERISA broadly preempts state law claims that relate to ERISA-governed plans. *See, e.g., Aetna Health Inc. v. Davila*, 542 U.S.

200, 209 (2004).

IV.     **GROUNDS FOR REMOVAL**

6.      Under 28 U.S.C. § 1441(c), removal of a lawsuit filed in state court is proper where this Court has original jurisdiction as to any claim against any defendant. Accordingly, so long as one of Plaintiff's claims is subject to federal jurisdiction, this Court can assert jurisdiction over this case. This action is removed on the following basis:

(a)     This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132. Plaintiff's claims against Defendant arise under and are within the scope of 29 U.S.C. § 1132, the civil enforcement provision of ERISA. Plaintiff's claim(s) are preempted and displaced by ERISA. *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).

(b)     Plaintiff claims entitlement to relief in connection with his health benefit plan, which was established and is maintained by his employer, the Hungarian Reformed Federation of America. Plaintiff's health plan is therefore an "employee benefit plan," as defined in 29 U.S.C. § 1002, and is subject to the provisions of ERISA.

(c)     Plaintiff is a "participant" or "beneficiary" in an employee benefit plan pursuant to 29 U.S.C. § 1002.

(d)     Plaintiff's state law claim(s) both relate to the ERISA plan and would duplicate, supplement and supplant the remedies established in ERISA's civil enforcement provisions. Plaintiff's state law claim(s) are therefore preempted by ERISA. *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). Plaintiff's claim is displaced by federal law and removable pursuant to 28 U.S.C. §§ 1331 and 1441(b) and 29 U.S.C. § 1132. *Id.*

7.      In the filing of this Notice of Removal, Defendants do not waive and expressly reserve all

objections and defenses which they may have under Rule 12(b) of the Federal Rules of Civil Procedure and any other rules applicable to this action.

8. Written notice of the filing of this Notice of Removal will be given to Plaintiffs and a copy of this Notice will be filed with the clerk of the Superior Court of the District of Columbia.

                            Respectfully submitted,

                            ARMSTRONG, DONOHUE, CEPPOS
                                & VAUGHAN, CHTD.

                            _____
                            H. Patrick Donohue (Bar No. 279687)

                            _____
                            Penny C. Kahn (Bar No. 411769)
                            204 Monroe Street, Suite 101
                            Rockville, MD  20850
                            301/251-0440
                            Attorneys for Defendant Kaiser Permanente Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was forwarded to the Plaintiff, pro se, on this _____ day of January, 2007.

Douglas A. Eckley, pro se
c/o Hungarian Reformed
  Federation of America
2001 Massachusetts Avenue, N.W.
Washington, D.C.   20036

                            _____
                            H. Patrick Donohue



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DOUGLAS ECKLEY
Vs.
KAISER PERMANENTE INSURANCE COMPANY

C.A. No.    2006 CA 009023 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the Judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge GERALD I FISHER
Date: December 21, 2006
Initial Conference: 9:30 am, Friday, April 06, 2007
Location: Courtroom 519
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

005066

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Douglas A Eakley
HRFA
2001 Massachusetts Ave NW
Washington DC 20036          *Plaintiff*

vs.

Kaiser Permanente
2101 East Jefferson St
Rockville, MD 20849          *Defendant*

Civil Action No. 0009023-06

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Self (Pro Se)
Name of Plaintiff's Attorney

HRFA   2001 Massachusetts Ave NW
Address   Washington DC 20036

202 329 2630
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Douglas A Eckley
HRFA
1001 Massachusetts Ave NW
Washington DC 20036    **Plaintiff**

CIVIL ACTION NO. 0003023-06

vs.

Kaiser Permanente Insurance Company
2101 E Jefferson St
Rockville, MD 20849

**Defendants**

RECEIVED
Civil Clerk's Office
DEC 21 2006
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 57,172.50 with interest and costs.

Douglas A Eckley

Phone:
571 277 1927 (mobile)

DISTRICT OF COLUMBIA, SS

_____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

(Plaintiff / Agent)

Subscribed and sworn to before me this _____ day of _____ 20 ___.

(Notary Public/Deputy Clerk)

FORM CV-1013/Nov 00

005068

Complaint

Douglas A Eckley, Plaintiff

-against-

Kaiser Permanente Insurance Company, Defendant
2101 East Jefferson Street
Rockville, MD 20849

The plaintiff, Douglas A Eckley, alleges as follows:

1       At all times mentioned herein, the defendant, Kaiser Permanente Insurance Company, was and still is a health insurance company licensed to sell health insurance in the District of Columbia.

2       At all times mentioned herein, the plaintiff Douglas A Eckley was and still is an employee of the Hungarian Reformed Federation of America, located at 2001 Massachusetts Avenue, NW, Washington, DC, 20036.

3       At all times mentioned herein, the plaintiff Douglas A Eckley was covered under a group health insurance policy written by Kaiser Permanente Insurance Company and covering the employees of the Hungarian Reformed Federation of America. A copy of a Health Insurance Coverage Certificate is annexed hereto as Exhibit A.

4       On December 2, 2005 the plaintiff received authorization from Kaiser Permanente Insurance Company (through their agent, SHPS) that surgical procedures scheduled for December 16, 2005, to be performed by Elliott Rose, M.D., would be covered under the group health insurance policy under the "out-of-network" provisions of the policy. A copy of the SHPS authorization is annexed hereto as Exhibit B.

5       On December 16, 2005 Elliott Rose, M.D. performed certain medical procedures on the defendant at Mt Sinai Hospital in New York, NY.

6       The bill for the medical services provided by Elliott Rose, M.D. to the plaintiff was $124,225.00.

7       Kaiser Permanente Insurance Company made partial payments on the medical services bill, directly to Elliott Rose, M.D. totaling $27,457.51.

8       The partial payments made by Kaiser Permanente Insurance Company were determined by, in order of application: (A) reducing the bill to "usual and customary" charge levels (B) applying a "Multiple Surgery Guideline"; (C) applying 30% coinsurance, subject to a deductible of $200 and an out-of-pocket maximum of $2,000, under the group health policy. The effect of applying (A) was to reduce the amount for the medical procedures from the $124,225.00 billed down to $86,630.00. The effect of

applying (B) was to reduce the amount for the medical procedures from $86,630.00 down to $29,657.51. The effect of applying (C) was to reduce the amount for the medical procedures from $29,657.51 down to $27,457.51. Copies of the explanation of benefits provided by Kaiser Permanente Insurance Company are annexed hereto as Exhibit C. A copy of a letter from Kaiser Permanente Insurance Company admitting to the application of a "Multiple Surgery Guideline" is annexed hereto as Exhibit D. A copy of an email from Kaiser Permanente Insurance Company admitting to the application of a "Multiple Surgery Guideline" is annexed hereto as Exhibit E.

9    Nothing in the group health insurance policy indicates that a "Multiple Surgery Guideline" will be applied in determining payment. A copy of the cover page of the group health insurance policy is annexed hereto as Exhibit F.

10   Nothing in the "Health Insurance Coverage Certificate" indicates that a "Multiple Surgery Guideline" will be applied in determining payment. A copy of a Health Insurance Coverage Certificate, as previously mentioned, is annexed hereto as Exhibit A.

11   Nothing in the "Group Agreement Face Sheet" indicates that a "Multiple Surgery Guideline" will be applied in determining payment. A copy of the "Group Agreement Face sheet" is annexed hereto as Exhibit G.

12   Nothing in the "2005 Benefits & Services Summary" indicates that a "Multiple Surgery Guideline" will be applied in determining payment. A copy of the "2005 Benefits & Services Summary" is annexed hereto as Exhibit H.

13   The broker, as noted by him in a letter to Kaiser Permanente Insurance Company, indicates that he cannot explain why benefits are paid at 50 and 25 percent of UCR. A copy of that letter is annexed hereto as Exhibit I.

14   Elliott Rose, M.D. has retained Hacker & Murhpy, LLP to enforce payment of $66,767.00 plus interest by the plaintiff, Douglas A Eckley. That amount is in addition to $30,000.00 already paid by the plaintiff to Elliott Rose, M.D. A copy of the letter advising the plaintiff of the retainer is annexed hereto as Exhibit J.

As and For a Cause of Action

15   Plaintiff is entitled to a judgment against the defendant in the amount of $57,172.50. This amount represents a recalculation of the payments owed by Kaiser Permanente Insurance Company under the provisions of the group health insurance. The recalculated amount is determined by, in order of application: (A) reducing the bill to "usual and customary" charge levels; (B) applying 30% coinsurance, subject to a deductible of $200 and an out-of-pocket maximum of $2,000; (C) reducing the result by the $27,457.51 already paid by Kaiser Permanente Insurance Company. The effect of applying (A) was to reduce the amount for the medical procedures from the $124,225.00 billed down to $86,630.00. The effect of applying (B) was to reduce the amount for the medical procedures from $86,630.00 down to $84,630.00. The effect of applying (C) was

to reduce the amount for the medical procedures from $84,630.00 down to $57,172.50. A worksheet showing this determination in full detail is annexed hereto as Exhibit K.

WHEREFORE, plaintiff demands judgment against the defendant in the sum of FIFTY-SEVEN THOUSAND ONE HUNDRED SEVENTY-TWO and 50/100 ($57,172.50) Dollars, plus interest from and after December 16, 2005 at the legal rate.

Dated: December 15, 2006

By:

Douglas A Eckley
c/o Hungarian Reformed Federation of America
2001 Massachusetts Ave, NW
Washington, DC 20036
(202) 328-2630

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| DOUGLAS A. ECKLEY | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | Civil Action No. 2006ca009023-B |
| | : | Hon. Gerald I. Fisher |
| KAISER PERMANENTE | : | Next Event:  April 6, 2007 |
| INSURANCE CO. | : | Initial Conference |
| | : | |
| **Defendant** | : | |

**DEFENDANT KAISER PERMANENTE INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant, Kaiser Permanente Insurance Company, by and through their counsel, Larry A. Ceppos, Esquire, Erica C. Mudd, Esquire, and the law firm of Armstrong, Donohue, Ceppos & Vaughan, Chartered, and in Answer to the Complaint filed in the above-captioned matter, state as follows:

**FIRST DEFENSE**

The Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

**SECOND DEFENSE**

The Plaintiff's claims are barred by the doctrine of waiver.

**THIRD DEFENSE**

The Plaintiff's claims are barred by the doctrine of estoppel.

**FOURTH DEFENSE**

The Plaintiff's claims are barred by the doctrines of accord and satisfaction.

**FIFTH DEFENSE**

The Plaintiff's claims are barred in part or in full by the doctrine of release.

**SIXTH DEFENSE**

The Plaintiff's claims are preempted by and displaced by the civil enforcement provisions of Employee Retirement Income Security Act of 1974, codified at 29 U.S.C. sections 1001 through 1461.

**SEVENTH DEFENSE**

The Plaintiff's claims are barred by the Plaintiff's failure to exhaust any and all administrative remedies.

**EIGHTH DEFENSE**

As to each and every allegation contained within the specifically numbered paragraphs in the Plaintiff's Complaint, this Defendant states, as follows:

1. Admitted.

2. The Defendant is without sufficient information to either admit or deny the allegations in this paragraph of the Plaintiff's Complaint.

3. The Defendant admits that the Plaintiff was covered under a group health insurance policy, which included a tier of coverage underwritten by the Defendant.

4. Denied.

5. The Defendant is without sufficient information to either admit or deny the allegations in this paragraph of the Plaintiff's Complaint.

6. The Defendant is without sufficient information to either admit or deny the allegations in this paragraph of the Plaintiff's Complaint.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. The Defendant is without sufficient information to either admit or deny the allegations in this paragraph of the Plaintiff's Complaint.

14. The Defendant is without sufficient information to either admit or deny the allegations in this paragraph of the Plaintiff's Complaint.

15. Denied.

Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS & VAUGHAN, CHARTERED**

_____
Larry A. Ceppos     DC. Bar No. 361439
Erica C. Mudd       DC. Bar No. 500785
204 Monroe Street, Suite 101
Rockville, Maryland  20850
(301) 251-0440
Counsel for Defendant Kaiser Permanente Insurance Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this _____ day of _____, 2007, a copy of the foregoing Answer to Complaint was mailed, first-class mail, postage prepaid, to:

Douglas Eckley (*pro se*)
c/o Hungarian Reformed Federation of America
2001 Massachusetts Avenue, N.W.
Washington, D.C. 20036

_____
Larry A. Ceppos

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

DOUGLAS ECKLEY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

pro se
c/o Hungarian Reformed Federation of America
2001 Massachusetts Avenue, N.W.
Washington, D.C. 20036

## DEFENDANTS

KAISER PERMANENTE INSURANCE COMPANY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

H Patrick Donohue (Bar No 279687)
Penny C Kahn, (Bar No 411769)
Armstrong, Donohue, Ceppos & Vaughan, Chtd
204 Monroe Street, Suite 101
Rockville, MD 20850
301/251-0440

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U S Government Plaintiff
● 3 Federal Question (U S Government Not a Party)
○ 2 U S Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

005074

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⦿ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding    ⦿ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
Removed pursuant to 28 USC 1331, Jurisdiction under 28 USC 1331 and 29 USC 1132, Cause exclusive federal jurisdiction

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** 57,172.50    Check YES only if demanded in complaint    **JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐ NO ☒    If yes, please complete related case form

**DATE** 1/24/2007    **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C., 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.