IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DOUGLAS A. ECKLEY** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No. 1:07-cv-00169-RWR |
| **KAISER PERMANENTE INSURANCE CO.** | : |
| **Defendant.** | : |

## MOTION TO DISMISS

**COMES NOW**, the defendant, Kaiser Permanente Insurance Company, by and through its attorneys, Larry A. Ceppos, Esquire, and the law firm of Armstrong, Donohue, Ceppos & Vaughan, Chartered, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Court to dismiss the Complaint filed in the above-captioned matter, on the grounds that plaintiff's claims are preempted by the civil enforcement provisions of ERISA[1], and therefore, plaintiff has failed to state a claim upon which relief can be granted.

In support of this Motion to Dismiss, defendant respectfully refers this Court to the attached Memorandum of Points and Authorities.

**WHEREFORE,** defendant, Kaiser Permanente Insurance Company, respectfully requests that this Court enter an Order granting its Motion and dismissing plaintiff's Complaint for failure to state a claim upon which relief can be granted. Defendant also requests any such additional relief

---

[1] *See* Employee Retirement Income Security of 1974, codified at 29 U.S.C. sections 1001 through 1461.

as this Court deems appropriate.

                                      Respectfully submitted,

                                      **ARMSTRONG, DONOHUE, CEPPOS**
                                      **& VAUGHAN, CHARTERED**

                                                       /s/
                                      Larry A. Ceppos (Bar No. 361439)
                                      204 Monroe Street, Suite 101
                                      Rockville, Maryland 20850
                                      (301) 251-0440
                                      Counsel for Defendant Kaiser Permanente Insurance Company

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing Motion to Dismiss, Request for Hearing, Proposed Order, and Memorandum of Points and Authorities was mailed, postage prepaid, this _____ day of March, 2007 to:

Douglas A. Eckley
c/o Hungarian Reformed
Federation of America
2001 Massachusetts Avenue, N.W.
Washington, D.C. 20036


                                      _____
                                      Larry A. Ceppos

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DOUGLAS A. ECKLEY** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 1:07-cv-00169-RWR |
| : | |
| **KAISER PERMANENTE** : | |
| **INSURANCE CO.** : | |
| : | |
| **Defendant.** : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
KAISER PERMANENTE INSURANCE COMPANY'S
MOTION TO DISMISS**

Defendant, Kaiser Permanente Insurance Company, by and through its attorneys, Larry A. Ceppos, Esquire, and the law firm of Armstrong, Donohue, Ceppos & Vaughan, Chartered, submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss, and states, as follows:

**I.     INTRODUCTION/BACKGROUND**

This is an action to recover medical benefits under a group health benefits plan brought by plaintiff, Douglas Eckley, against defendant, Kaiser Permanente Insurance Company ("KPIC"). *See generally* Complaint, attached hereto as Exhibit A. Plaintiff is a third-party beneficiary of an ERISA[1] qualified group health benefits plan maintained by his employer, Hungarian Reformed Federation of America, and written by defendant, KPIC. *See* Exhibit A at ¶ 3. Plaintiff seeks a judgment in the amount of $57,172.50 for money that he claims defendant is owing to him in relation

---

[1] *See* Employee Retirement Income Security Act of 1974, codified at 29 U.S.C. sections 1001 through 1461.

to a surgical procedure performed by Elliott Rose, M.D., at Mount Sinai Hospital in New York, New York, on December 16, 2005.  *See* Exhibit A at ¶¶ 5; 15.

By way of his Complaint, plaintiff pleads a state law cause of action against defendant for simple breach of contract.  *See generally* Exhibit A.  His claims, however, directly arise from, relate to, and challenge the terms of a group health benefits plan written by defendant, of which he is a beneficiary.  *See id.*  Specifically, plaintiff contends that his claim for medical benefits was improperly processed, and therefore, he was wrongfully denied medical benefits under that plan.  *See* Exhibit A at ¶¶ 8-15.  In other words, plaintiff has asked this Court to interpret the provisions of his ERISA group health benefits plan, and to grant him certain relief based on its interpretation of that plan.  Consequently, although plaintiff's claim is cast as a state law claim for simple breach of contract, plaintiff has wrestled a straightforward ERISA claim.  Accordingly, his claims, as pled, are preempted by the civil enforcement provisions of ERISA.  Thus plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

**II.     ARGUMENT**

<u>**ERISA Preempts Plaintiff's State Law Claims for Simple Breach of Contract, and Therefore Plaintiff's Claims Against Defendant Must Be Dismissed**</u>.

In the instant case, plaintiff contends that defendant breached a contract of which he is a beneficiary.  As a consequence of that alleged breach, plaintiff asks this Court to order defendant to pay him $57,172.50.  However, the relief he seeks expressly arises from and relates to the terms of an ERISA qualified group health benefits plan.  Consequently, plaintiff's breach of contract claim against defendant fails as a matter of law, because his claim is preempted by and displaced by ERISA's civil enforcement provisions.  *See* 29 U.S.C. § 1132(a); *Information Systems & Networks*

*Corp. v. Principal Life Ins. Co.*, 101 Fed. Appx. 383, 384-85 (4th Cir. 2004).

The Employee Retirement Income Security Act ("ERISA") was designed to protect the interests of participants in employee benefit plans by establishing standards of conduct for administrators of those plans, and by providing "appropriate remedies, sanctions, and ready access to federal courts." 29 U.S.C. § 1001(b). An overall purpose of this regulatory scheme is "to provide a uniform regulatory regime over employee benefits plans." *Atena Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). To ensure this desired uniformity, Congress included both a broad preemption clause, *see* 29 U.S.C. section 1144(a), as well as a comprehensive civil enforcement system, *see* 29 U.S.C. section 1132(a), in the ERISA regulation. Notably, preemption under section 1144(a) operates independent of preemption under section 1132(a). *See generally Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990). Moreover, if a court determines that a claim falls within the civil enforcement provisions of ERISA (*i.e.,* section 1132(a)), the court need not analyze whether the claim would also be preempted under ERISA's broad preemption clause (*i.e.,* section 1144(a)). *See id.* Preemption under section 1132(a) is intended to be an exclusive remedy. *See* 29 U.S.C. § 1132(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987)

Plaintiff's claims against defendant to recover benefits allegedly owing to him under the terms of his group health benefits plan with defendant falls squarely within the civil enforcement provisions of the ERISA regulation. Specifically, section 1132(a)(1)(B) provides that: "A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the plan." *Id.* Thus, because plaintiff has made a claim for unpaid benefits under his ERISA

plan, ***his exclusive remedy rests in the civil enforcement provisions of section 1132(a) - - ERISA provides no other form of relief***. *See Pilot Life*, 481 U.S. at 52 (stating that section 1132(a) is "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits . . . .").[2] Moreover, the Supreme Court has held that ERISA preempts any state law cause of action that would expand upon the remedies available under section 1132(a). *See id.* at 54-56; *see also Ingersoll-Rand*, 498 U.S. at 143-45.

Against this legal backdrop it is clear that plaintiff's breach claims in this case are preempted by ERISA. In order to adjudicate plaintiff's claims, this Court would be required to interpret ERISA plan documents based on plaintiff's allegation that defendant did not comply with the plan insofar as making payments on the medical services bill issued by Dr. Rose. In this regard, plaintiff's claim not only "relates to" the ERISA plan, it depends upon the plan's existence. *See* 29 U.S.C. 1132(a), 1144(a); *Ingersoll-Rand*, 498 U.S. 139-40 (holding that tort and contract claims preempted because the existence of an ERISA plan was a critical factor in establishing liability, and because the trial court's inquiry would be directed to the plan, the suit "related to" an ERISA plan).

Moreover, plaintiff's claims in this case are based upon the alleged denial of benefits under the ERISA qualified group health benefits plan with defendant KPIC. This is a precise type of claim

---

[2] In the context of the general preemption clause (section 1144(a)), the United States Court of Appeals for the District of Columbia has explained that even "general common law causes of action, such as breach of contract, which are not specifically intended to apply to benefit plans covered by ERISA will nonetheless be preempted insofar as they affect ERISA-protected rights." *Board of Trustees of Hotel and Restaurant Employees Local No. 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1486–87 (D.C. Cir. 1996); *see also Kelso v. Gen'l American Life Ins. Co.*, 967 F.2d 388, 390 (10th Cir. 1992) (stating "[p]reemption applies to common law contract and tort claims if the factual basis of the cause of action involves an employee benefit plan").

that ***must*** be pursued under the enforcement mechanisms provided by ERISA. *See* 29 U.S.C. 1132(a); *Aetna*, 542 U.S. at 209 (explaining "any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is, therefore, preempted."); *Lippard v. Unumprovident Corp.*, 261 F. Supp. 2d 368, 376 (M.D.N.C. 2003) (stating "[t]he core allegation underlying an [ERISA] claim is that a plan participant or beneficiary was denied a benefit to which the participant or beneficiary was entitled under an ERISA plan or that the manner of administering the benefits caused the participants or beneficiaries some injury."); *Person v. Physicians Health Plan, Inc.*, 20 F. Supp. 2d 918, 923 (E.D.Va. 1998) (holding that ERISA preempts an action seeking redress relating to what the ERISA plan did not do in carrying out its employee benefit plan/administrative responsibilities). *See Communications Workers of America v. American Tel. & Tel. Co.*, 40 F.3d 426 (D.C. Cir. 1994) (explaining that although this requirement is not mandatory, it will be applied "barring exceptional circumstances"). In sum, it is clear that plaintiff's claims in this case are preempted by ERISA, and therefore his Complaint must be dismissed for failure to state a claim upon which relief can be granted.

## IV.   CONCLUSION

It is for all of these reasons that plaintiff's Complaint against defendant must be dismissed.

**WHEREFORE,** defendant, Kaiser Permanente Insurance Company, respectfully requests that this Court enter an Order granting its Motion and dismissing plaintiff's Complaint for failure to state a claim upon which relief can be granted. Defendant also requests any such additional relief as this Court deems appropriate.

        Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS
& VAUGHAN, CHARTERED**


_____/s/_____
Larry A. Ceppos (Bar No. 361439)
204 Monroe Street, Suite 101
Rockville, Maryland  20850
(301) 251-0440
Counsel for Defendant Kaiser Permanente Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DOUGLAS A. ECKLEY** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. 1:07-cv-00169-RWR |
| | : | |
| **KAISER PERMANENTE** | : | |
| **INSURANCE CO.** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

UPON CONSIDERATION of defendant Kaiser Permanente Insurance Company's Motion to Dismiss, Memorandum of Points and Authorities in Support thereof, and any Opposition thereto, it is this _____ day of _____, 2007,

**ORDERED**, that the defendant's Motion be, and the same hereby is, **GRANTED**, and it is further,

**ORDERED**, that the plaintiff's claims against defendant be, and the same hereby are, **DISMISSED, WITHOUT PREJUDICE,** for failure to state a claim upon which relief can be granted.

_____
Judge, United States District Court for the
District of Columbia

Copies to:
Larry A. Ceppos, Esquire
204 Monroe Street
Suite 101
Rockville, Maryland 20850

Douglas Eckley (*pro se*)
c/o Hungarian Reformed Federation of America
2001 Massachusetts Avenue, N.W.
Washington, D.C. 20036