IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS A. ECKLEY,                : | |
|                                   : | |
|        Plaintiff,                 : | |
|                                   : | |
|     vs.                           : | Civil Act No.: 1:07-cv-00169-RWR |
|                                   : | |
| KAISER PERMANENTE                 : | |
|   INSURANCE COMPANY,              : | |
|                                   : | |
|        Defendant.                 : | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR TRIAL BY JURY**

The defendant, Kaiser Permanente Insurance Company, Inc. ("KPIC"), by and through its counsel, Larry A. Ceppos, Esquire, Erica C. Mudd, Esquire, and the law firm of Armstrong, Donohue, Ceppos & Vaughan, Chartered, submits this Opposition to Plaintiff's Motion for Trial by Jury, and respectfully states, as follows:

1. This is an action to recover medical benefits under a group health benefits plan brought by plaintiff, Douglas Eckley, against defendant, KPIC.

2. Plaintiff is a third-party beneficiary of an ERISA qualified group health benefits plan maintained by his employer and written by defendant, KPIC.

3. Plaintiff seeks a judgment in the amount of $57,172.50 for money that he claims that defendant is owing to him in relation to a surgical procedure performed by Elliott Rose, M.D., at Mount Sinai Hospital in New York, New York on December 16, 2005.

4. On December 21, 2006, plaintiff filed a Complaint against KPIC in the Superior Court for the District of Columbia, seeking the above-described relief

5. Plaintiff did not make a jury demand.

6. On January 16, 2007, KPIC filed an Answer to plaintiff's Complaint in that Court.

7. KPIC did not make a jury demand.

8. Thereafter, on January 24, 2007, KPIC filed a Notice of Removal, requesting removal of the instant matter from the Superior Court for the District of Columbia to this Court.

9. By way of its Civil Cover Sheet filed with this Court, KPIC expressly waived its right to a jury trial.

10. On May 1, 2007, plaintiff filed a Revised Complaint with this Court.

11. Again, plaintiff did not make a jury demand.

12. On May 30, 2007, KPIC filed an Answer to plaintiff's Revised Complaint.

13. Again, KPIC did not make a jury demand.

14. Pursuant to Federal Rule of Civil Procedure 38(b):

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action *and not later than 10 days after the service of the last pleading directed to such issue*, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

*Id.* (emphasis added).

15. Under sub-section (d) of that same Rule, "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of a trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." *Id.*

16. "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the Court; . . ." FRCP 39(b).

006756

17.     In the case *sub judice*, pursuant to Rule 38, the latest date that plaintiff could have made a demand for a jury trial was in June 2007 (*i.e.*, 10 days after KPIC's Answer to plaintiff's Revised Complaint). Plaintiff failed to make a timely jury demand under the Rule. Consequently, plaintiff has waived his right to have his claims in this case tried before a jury. *See* FRCP 38.

18.     Although the Court may in its discretion order a trial before a jury, the instant matter does present a situation justifying relief under Rule 39(b).

19.     As this Court has previously explained:

> In deciding whether to grant an untimely jury demand, the court may consider all elements pertinent to the interests of both parties, including the nature of the issues presented, the disruption of the court's schedule, prejudice to the opposing party, and the reasons for the tardiness in requesting a jury trial.

*Hoitis v. Sherman Distributors of Maryland, Inc.*, 607 F. Supp. 217, 219 (D.D.C. 1984).

20.     Moreover, as this Court has previously recognized, "the right may be waived by the mere 'failure to comply with reasonable rules,' even if that failure is unintentional." *Hoitis*, 607 F. Supp. at 219 (quoting *Kass v. Baskin*, 164 F.2d 513, 515 (D.C. Cir. 1947)).

21.     Plaintiff filed his claims against KPIC in December 2006. In May 2007, he amended his initial Complaint. Despite numerous opportunities since the filing of his claims against KPIC in this case, at no time has plaintiff made a jury demand. Now, almost nine (9) months into this litigation, plaintiff for the first time advances an untimely jury demand. In so doing, plaintiff has failed to state any reason, explanation, or justification for his delay and failure to make a proper and timely jury demand. KPIC will be prejudiced if plaintiff's request is granted, because it has been formulating a defense for the last 8½ months upon the belief that

006757

this case would be tried before the Court. Accordingly, this Court is urged not to extend an exception in this case.

22. In sum, plaintiff has failed to make a timely and proper jury demand. Accordingly, plaintiff has waived his right to have his claims against KPIC tried before a jury. There is no justifiable basis for the Court to exercise its discretion and create an exception in this case.

**WHEREFORE,** defendant, Kaiser Permanente Insurance Company, Inc., respectfully requests that this Honorable Court issue an Order and deny plaintiff's Motion for Trial by Jury, filed in this case.

Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS & VAUGHAN, CHTD.**

_____/S/_____
Larry A. Ceppos (Bar No. 361439)
Erica C. Mudd (Bar No. 500785)
204 Monroe Street, Suite 101
Rockville, MD 20850
301/251-0440
Attorneys for defendant, Kaiser Permanente Insurance Company

4

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing Opposition to Motion for Trial by Jury was forwarded to the *pro se* plaintiff, on this 19th day of September, 2007.

Douglas A. Eckley, *pro se*
c/o Hungarian Reformed
  Federation of America
2001 Massachusetts Avenue, N.W.
Washington, D.C. 20036

                                              /S/
                                      Larry A. Ceppos

006759

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DOUGLAS A. ECKLEY,** | : |
| Plaintiff, | : |
| v. | : Civil Act No. 1:07-cv-00169-RWR |
| **KAISER PERMANENTE INSURANCE CO.,** | : |
| Defendant. | : |

## ORDER

UPON CONSIDERATION of plaintiff, Douglas Eckley's Motion for Trial by Jury and defendant, Kaiser Permanente Insurance Company's Opposition to Motion for Trial by Jury, it is this _____ day of _____, 2007,

**ORDERED**, that the plaintiff's Motion be, and the same hereby is, **DENIED**.

_____
Judge, United States District Court for the
District of Columbia

Copies to:

Larry A. Ceppos, Esquire
Erica C. Mudd, Esquire
Armstrong Donohue Ceppos & Vaughan, Chartered
204 Monroe Street
Suite 101
Rockville, Maryland 20850

Douglas Eckley (*pro se*)
c/o Hungarian Reformed Federation of America
2001 Massachusetts Avenue, N.W.
Washington, D.C. 20036