IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS ECKLEY, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 1:07-cv-00169-RWR |
| KAISER PERMANENTE INSURANCE COMPANY, | : |
| Defendant. | : |

JOINT RULE 16.3 STATEMENT

Pursuant to LCvR 16.3(d) and this Court's Order for Initial Scheduling Conference entered on August 27, 2007, plaintiff, Douglas Eckley, and defendant, Kaiser Permanente Insurance Company (collectively "the parties), *pro se* and by and through their respective counsel, submits this Joint Rule 16.3 Statement, and state, as follows:

I.   **Statement of the Case**

This is an action to recover medical benefits under a group health benefits plan brought by plaintiff, Douglas Eckley, against defendant, Kaiser Permanente Insurance Company ("KPIC"). Plaintiff is a third-party beneficiary of an ERISA qualified group health benefits plan maintained by his employer, Hungarian Reformed Federation of America, and written by defendant, KPIC. Plaintiff seeks a judgment in the amount of $57,172.50 for money that he claims defendant is owing to him in relation to a surgical procedure he underwent on December 16, 2005. Defendant has denied the claims made against it and the requests for relief, as plead by plaintiff in this case.

II.   **Matters Set Forth in Local Rule 16.3(c)**

(1)   At present, the parties cannot evaluate whether or not this case could be disposed

of by dispositive motion. No dispositive motions are presently before this Court. Defendant filed a preliminary Motion to Dismiss, which was ruled as Moot by the Court upon the filing of plaintiff's "Revised Complaint."

(2) At present, the parties do not anticipate joining any other parties to this case, however, the parties have not ruled out the possibility that additional parties could be added to this case based on information obtained during the course of discovery. The parties believe that amendments to the pleadings should be governed by the standards set forth in Federal Rule of Civil Procedure 15 and the case law interpreting that Rule. At this time and until discovery is completed, the parties are not aware of any factual or legal issues that could be agreed upon, other than what defendant has admitted in its Answer to plaintiff's Revised Complaint. At the conclusion of discovery, the parties will attempt to reach agreements on any undisputed factual or legal issues.

(3) At present, the parties have not definitively agreed whether or not this case should proceed before a United States Magistrate Judge. Defendant has previously requested referral to a United States Magistrate Judge. Plaintiff does not oppose such referral to the extent that he will not waive a jury trial in so agreeing.[1]

(4) At present, the parties have engaged in preliminary settlement discussions. The parties will continue to consider and discuss the possibility of resolving this matter through settlement as this case proceeds through discovery.

(5) The parties have discussed the Court's ADR procedures. At present, the parties believe that this case could benefit from an ADR program and/or neutral evaluation. To the extent that any formal ADR and/or neutral evaluation should take place, plaintiff wishes to

---

[1] Plaintiff's Motion for Trial by Jury is presently pending before this Court. Defendant has opposed plaintiff's Motion, and plaintiff has submitted a Reply.

proceed before a jury trial in the event that ADR and/or neutral evaluation are not successful in resolving this matter.

(6) At present, the parties cannot evaluate whether or not this case could be disposed of by summary judgment or motion to dismiss. The parties would like to reserve the right to file dispositive motions, oppositions, and replies in accordance with the deadlines set forth in the Court's Scheduling Order, attached hereto.

(7) The parties will stipulate to dispense with the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1), to the extent that this information has already been disclosed in response to written discovery requests.

(8) The parties cannot agree to discovery deadlines.

(9) The parties do not believe that any revisions are necessary to the requirements governing the exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2).

(10) The present case does not involve a class action.

(11) At present, the parties do not believe that the trial or discovery should be bifurcated or managed in phases.

(12) The parties believe that a Pretrial Conference should be scheduled for sometime during October 2008, and propose a date of October 29, 2008.

(13) Defendant believes that a trial date should be set at the Initial Scheduling Conference and proposes a 5 day trial beginning December 8, 2008, if available. Defense counsel is not available for trial prior to that date. Plaintiff would like a trial prior to that time.

(14) At present, the parties have not identified any other matters they believe may be appropriate for inclusion in a Scheduling Order.

### III. Discovery Plan

The parties anticipate employing the standard discovery mechanisms as set forth in Federal Rules of Civil Procedure 26 through 36. At present, plaintiff prefers to expedite the discovery process. Defense counsel is not available for trial until December 2008, at the earliest. Consequently, defendant would prefer to establish a discovery schedule, which sets deadlines beyond the recommended timeframes. The parties have no additional proposals at this time.

Respectfully submitted,                                          Respectfully submitted,

_____*/S/*_____                          _____*/S/*_____
Douglas A. Eckley, *Pro Se*                                  Larry A. Ceppos, Esquire
c/o Hungarian Reformed Federation of                (D.C. Bar No.: 361439)
 America                                                               Erica C. Mudd, Esquire
2001 Massachusetts Avenue, N.W.                     (D.C. Bar No.: 500785)
Washington, D.C. 20036                                      Armstrong, Donohue, Ceppos
Plaintiff                                                                    & Vaughan, Chartered
                                                                              204 Monroe Street, Suite 101
                                                                              Rockville, MD 20850
                                                                              301-251-0440
                                                                              Counsel for defendant, KPIC