IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOUGLAS A. ECKLEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : Civil Act No.: 1:07-cv-00169-RWR |
| | : |
| KAISER PERMANENTE | : |
| INSURANCE COMPANY, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S SUPPLEMENTAL OPPOSITION TO
PLAINTIFF'S MOTION FOR TRIAL BY JURY**

The defendant, Kaiser Permanente Insurance Company, Inc. ("KPIC"), by and through its counsel, Larry A. Ceppos, Esquire, Erica C. Mudd, Esquire, and the law firm of Armstrong, Donohue, Ceppos & Vaughan, Chartered, at the Court's request, submits this Supplemental Opposition to Plaintiff's Motion for Trial by Jury, and respectfully states, as follows:

1.   This is an action to recover medical benefits under a group health benefits plan brought by plaintiff, Douglas Eckley, against defendant, KPIC.

2.   Plaintiff's claims against defendant arise under and are brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").  *See* 29 U.S.C. sections 1001, *et seq.*  Specifically, 29 U.S.C. section 1132(a)(1)(B), authorizes a beneficiary of an ERISA plan to bring a civil action "to recover benefits due to him [or her] under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan."  *Id.*

3.   On September 13, 2007, plaintiff made an untimely Motion to this Court for a jury trial on his claims, which Motion, this defendant opposed.

4.  In addition to the reasons set forth in defendant's Opposition, filed with the Court on September 19, 2007, plaintiff's Motion for Jury Trial should further be denied, because ERISA does not provide a right to jury trial for actions like the case *sub judice* to recover benefits. *See Fitts v. Federal Nat'l Mortg. Ass'n.*, 44 F. Supp. 2d 317, 331 (D.D.C. 1999) (striking plaintiff's jury demand on the grounds that, "[b]ased on the overwhelming weight of authority, . . . ERISA does not permit the plaintiff to have her ERISA claim, which sounds in equity, decided by a jury."); *aff'd* 236 F.3d 1 (D.C. Cir. 2001).[1]

**WHEREFORE,** for the reasons set forth in its Opposition and for these additional reasons, defendant, Kaiser Permanente Insurance Company, Inc., respectfully requests that this Honorable Court enter an Order and deny plaintiff's Motion for Trial by Jury, filed in this case.

---

[1] Defendant recognizes that some courts outside of this jurisdictions have held that section 1132(a)(1)(B), provides a legal remedy versus equitable claim, thus entitling a plaintiff to a jury trial. *See e.g., Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96 (2nd Cir. 2005); *Hulcher v. United Behavioral Sys.*, 919 F Supp 879 (E.D. Va 1995); *Algie v. RCA Global Commc'n*, 891 F. Supp. 870 (S.D.N.Y 1994); *Vaughn v. Owen Steel Co.*, 871 F. Supp. 247 (D.S.C. 1994); *Fuller v. Connecticut General Life Ins. Co.*, 733 F. Supp. 462 (D. Mass. 1990); *Abbarno v. Carborundum Co.*, 682 F. Supp. 179 (W.D.N.Y. 1988); *Puz v. Bessemer Cement Co.*, 700 F. Supp. 267 (W.D. Pa. 1988); *Paladino v. Taxicab Indus. Pension Fund*, 588 F. Supp. 37 (S.D.N.Y. 1984); *see also* 56 A.L.R.Fed. 880 (1982, 2007) (discussing a plaintiff's right to jury trial in a civil action brought under 29 U.S.C. section 1132(a)(1)(B)).

It does not appear, however, that the District of Columbia follows these other jurisdictions. Upon information and belief *Fitts*, 44 F. Supp. 2d 317, is still the controlling law of this jurisdiction. Nevertheless, assuming *arguendo* that the holding in *Fitts*, is not dispositive on the ERISA component of plaintiff's jury demand as advanced in this case, it is defendant's position that the relief sought by plaintiff is equitable in nature, as he seeks to recover benefits and/or enforce his rights under the terms of his ERISA plan.

        Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS
  & VAUGHAN, CHTD.**

          */S/*
_____
Larry A. Ceppos (Bar No. 361439)
Erica C. Mudd (Bar No. 500785)
204 Monroe Street, Suite 101
Rockville, MD  20850
301/251-0440
Attorneys for defendant, Kaiser Permanente Insurance Company

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing Defendant's Supplemental Opposition to Motion for Trial by Jury was forwarded to the *pro se* plaintiff, on this 5th day of November, 2007.

Douglas A. Eckley, *pro se*
c/o Hungarian Reformed
  Federation of America
2001 Massachusetts Avenue, N.W.
Washington, D.C.   20036

                                              /S/
                                          Erica C. Mudd