CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Plaintiff, Douglas A Eckley | ) ) ) | Civil Action No. 1:07-cv-00169-DAR |
| v. | ) ) ) ) ) ) | Plaintiff's Reply to Defendant's Supplemented Opposition to a Jury Trial |
| Defendant, Kaiser Permanente Insurance Company | ) | |

RECEIVED

NOV 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I, Douglas A. Eckley, Plaintiff, have submitted a reply to the supplemented opposition of Defendant to my motion for trial by jury. On 12 November, 2007 I served Larry A. Ceppos, attorney for Defendant, with my reply. I did this by mailing a true copy of the attached papers in a properly sealed and postpaid envelope. I mailed the copy by depositing it in an official depository of the United States Postal Service. I used the address:

> Larry A Ceppos
> Armstrong, Donohue, Ceppos & Vaughan
> 204 Monroe St, Suite 101
> Rockville, MD    20850

_[signature]_

Douglas A. Eckley

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Plaintiff, Douglas A Eckley | ) ) ) | Civil Action No. 1:07-cv-00169-DAR |
| v. | ) ) ) ) ) ) ) | Plaintiff's Reply to Defendant's Supplemented Opposition to a Jury Trial |
| Defendant, Kaiser Permanente Insurance Company | | |

COMES NOW the Plaintiff, Douglas A. Eckley, and submits a reply to Defendant's supplemented opposition to a jury trial.

- 1 -

- 2 -

## I.  Background

This action involves a contractual legal claim to recover medical benefits under a group health benefits plan brought by Plaintiff, Douglas A. Eckley, against Defendant, Kaiser Permanente Insurance Company.

On August 30, 2007, Plaintiff moved for trial by jury. Defendant opposed that motion, and on November 5, 2007, supplemented that opposition. Plaintiff now replies to the supplement.

- 3 -

## II.   Defendant's Arguments

In supplementing its opposition to the motion for trial by jury, Defendant presents the argument that ERISA does not permit a claim that "sounds in equity" to be decided by a jury. Defendant cites in particular *Fitts v. Federal National Mortgage Association*, 44 F. Supp. 2d 317,331(D.D.C.1999).

### III.   Plaintiff's Reply

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Court explained that "ERISA was enacted to promote the interests of employees and their beneficiaries in employee benefit plans" and "to protect contractually defined benefits." Id. at 113. ERISA ensures that "employees and their beneficiaries" are not "afford[ed] less protection than they enjoyed before ERISA was enacted." Id. at 113-114.

When questions of a legal claim arise, such as determining the amount of a contractual benefit, ERISA does not preclude a trial by jury. To do so would afford less protection to employees than existed before ERISA was enacted.

This case involves questions of fact. For example, item 4 of Plaintiff's complaint, which item was denied by Defendant, stated:

> "On December 2, 2005 the plaintiff received authorization from Kaiser Permanente Insurance Company (through their agent, SHPS) that surgical procedures scheduled for December 16, 2005, to be performed by Elliott Rose, M.D., would be covered under the group health insurance policy under the "out-of-network" provisions of the policy."

Regarding another question of fact, item 7 of Plaintiff's complaint, which item was denied by Defendant, stated:

> "Kaiser Permanente Insurance Company made partial payments on the medical services bill, directly to Elliott Rose, M.D., totaling $27,457.51."

The *Fitts* case, cited by Defendant, is distinguishable from the instant matter on the grounds that Plaintiff's claim here sounds in contract.

- 5 -

In *Hulcher v. United Behavioral Sys.*, 919 F. Supp. 879, 884 (E.D. Va. 1995), the Court stated that: "Plaintiff avers that Defendants failed to perform under the plan contract, and that their breach resulted in a denial of benefits due and owing to Plaintiff. Such an action plainly sounds in contract and will undoubtedly involve factual issues regarding the interpretation of contractual ambiguities and the intention of the parties - quintessential jury issues. Consequently, the Court determines that the nature of the issue to be tried in the instant matter is inherently legal."

In the instant matter, Plaintiff requires a decision from the court as to the appropriate amount of monetary award. As in *Hulcher*, determining the appropriate amount will involve factual issues regarding the interpretation of contractual ambiguities. Cases such as *Fitts*, that sound in equity, are not precedent to this case.

WHEREFORE, Plaintiff, Douglas A. Eckley, respectfully requests that this Honorable Court grant his motion for trial by jury.

By: *[signature]*
Douglas Eckley

November 7, 2007

7072 Skyles Way, T3
Springfield, VA 22151